UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRICIA MOUSER in propria persona, )<br>L.B.M. minor, Brought by next friend and parent, )<br>M.M.M. minor, Brought by next friend and parent, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>STATE OF INDIANA, )<br>CURTIS HILL Cheif Justice, Indiana Attorney )<br>General, )<br>INDIANA DEPARTMENT OF CHILD )<br>SERVICES Tipton County Office DCS, )<br>THOMAS R. LETT Judge, in his official capacity )<br>As Judge of the Tipton County Circuit Court, )<br>TIPTON COUNTY CIRCUIT COURT, )<br>MELISSA CUNNYNGHAM (CASA;GAL), )<br>JUSTIN KENT CLOUSER, )<br>BRANDON M. RUSH, )<br> )<br>Defendants. ) | No. 1:17-cv-04690-WTL-DML |

**Entry Discussing Filing Fee, Denying Motion to Appoint Counsel
and Dismissing Complaint**

**I. Filing Fee**

The plaintiff's request to proceed *in forma pauperis,* Dkt. No. 2, is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre-payment* of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening Standard

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

## III. The Complaint

### A. Dismissal of Minor Children

The plaintiff Tricia Mouser filed this action. She has also named as plaintiffs her two minor children. An individual generally may appear in federal court only *pro se* or through counsel. 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986). "One consequence of the normal rule is that a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (finding

no exception to this general rule recognized for a lawsuit based on 42 U.S.C. § 1983 or general state tort law) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.")); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("Under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.")).

Ms. Mouser is not an attorney and does not have authority to appear as her children's legal representative in this action. As a guardian of the minor children, Ms. Mouser may sue on their behalf, but he may not do so without counsel. *Amaya v. Pitner*, 130 Fed. Appx. 25 (7th Cir. 2005) (citing *Navin v. Park Ridge School District 64*, 270 F.3d 1147, 1148 (7th Cir. 2001)). This rule is designed to protect the interests of the minor party; in addition, it "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Myers v. Loudoun County Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005). Accordingly, Ms. Mouser's children are dismissed from this action.

**B. Statutory Claims**

Ms. Mouser has sued the State of Indiana, Attorney General Curtis Hill, the Indiana Department of Child Services, Judge Thomas R. Lett, Tipton County Circuit Court, Guardian ad litem Melissa Cunnyngham, attorney Justin Kent Clouer and attorney Brandon M. Rush claiming violations of the Rehabilitation Act, 29 U.S.C. §§ 794–94e, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213.

The **statutory claims against the individual defendants are dismissed.** Several of the individual defendants are named in the ADA and Rehabilitation Act claims, but Judge Lett,

Melissa Cunnyngham, Justin Kent Clouser and Brandon M. Rush are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA and Rehabilitation Act claims against the individual defendants are dismissed.

## C. Child Custody Proceeding

Ms. Mouser asserts that the "acts and omissions … giving rise to this action occurred in … the Tipton County Circuit Court." Dkt. No. 1 at 3. Ms. Mouser has sued the individuals and state agencies involved in a state court child custody proceeding which resulted in the removal of her children from her custody on September 12, 2017, and an order allowing only supervised visitation between Ms. Mouser and her children.

"Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009)(citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005). Thus, a court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

It is well-established that the domestic-relations exception denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations

4

exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). Yet that is at precisely what the plaintiff seeks to accomplish through the present lawsuit. Specifically, the plaintiff seeks this court's intervention in the judicial determination which ordered the children removed from her care and custody.

Furthermore, this Court has no authority to dismiss, review, or otherwise interfere with the state court case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir.2002) ("Lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). The complaint clearly seeks review of decisions made in an Indiana state court in a case to which the plaintiff was a party. This court does not have jurisdiction to review a state court judgment, even where the claim is made that the proceedings violated the federal plaintiff's constitutional rights or rights under the ADA or Rehabilitation Act. *GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 727-29 (7th Cir. 1993); *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993).

In addition, Ms. Mouser apparently wants this Court to find that her constitutional rights were violated when the state court failed to appoint a licensed attorney to represent her in the custody proceeding. Contrary to the plaintiff's assertion, she is asking this court to review the decisions made in an Indiana state court in a case to which the plaintiff was a party. In *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N. C.*, 452 U.S. 18, 31-32 (1981), the Supreme Court held that the Constitution does not require the appointment of counsel in every parental termination proceeding. Instead, "the decision whether due process calls for the appointment of counsel for

5

indigent parents in termination proceedings" is left in the first instance by the state trial court, subject to appellate review. *Id.* (citing *Wood v. Georgia*, 450 U.S. 261 (1981)). If Ms. Mouser was dissatisfied with the ruling in the state court case regarding the representation Ms. Mouser was provided she should have filed an appeal in state court.[1]

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). That is the case here. This court does not have jurisdiction to review a state court judgment, even where the claim is made that the proceedings violated the federal plaintiff's constitutional rights. *GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 727-29 (7th Cir. 1993); *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993).

The complaint is dismissed for these reasons.

### IV. Motion to Appoint Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every *pro se* case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

Litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,*

---

[1] In addition, Ms. Mouser lists a host of case numbers which she says are "filed in association" with this case. See Dkt. No. 1 at 1 (caption). These case numbers are not associated with the S.D. of Indiana. It is unclear how they are relevant to this case.

64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). Ms. Mouser's motion for counsel does not indicate whether she has made a reasonable attempt to recruit counsel on his own. Ms. Mouser should make such efforts, and if she chooses to renew her request for the appointment of counsel, she shall provide the court with a list of the names of attorneys, organizations, and/or law firms she has contacted and any responses she has received. For the present, the plaintiff's motion for assistance with recruiting counsel, Dkt. No. 3, is **denied.**

### IV. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have through January 18, 2018, in which to file an amended complaint which corrects the deficiencies noted above.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *quoting* Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 1:17-cv-4690-WTL-DML and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

Date: 12/28/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TRICIA MOUSER
2450 S. 550 E.
#20
Peru, IN 46970